First National Bank and Trust Company of Evanston, Executor Under the Last Will and Testament and Codicil of Louise N. Rood, Deceased, Appellant, v. Nicholas P. Simon, Appellee.

Gen. No. 41,776.

Heard in the first division of this court for the first district at the April term, 1941. Opinion filed December 22, 1941.

MILLER, GORHAM, WESCOTT & ADAMS, of Chicago, for appellant.

W. SCOTT HODGES and HARVEY L. CAVENDER, both of Chicago, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff appeals from an adverse judgment entered in an action brought by it to recover from defendant $4,100 for rent.

The claim for rent was based upon a lease dated January 10, 1932, by Louise N. Rood, lessor, since deceased, and the defendant, wherein the defendant agreed to pay $4,100 for the 10 year term of the lease. July 21, 1932, Louise N. Rood entered into a trust agreement with the City National Bank and Trust Co. of Evanston wherein the settlor conveyed to the bank as trustee certain properties, with directions for their management and disposition of the income. This was subsequently amended by making the First National Bank and Trust Co. of Evanston successor trustee.

January 12, 1937, Louise N. Rood died, and the First National Bank and Trust Co. of Evanston was appointed executor under her will. Both the trustee and the executor brought this suit upon the lease from Louise Rood to defendant, alleging that the rental of $4,100, which fell due at the date of the execution of the lease, January 10, 1932, had not been paid. Defendant answered, alleging that the rent had been paid by him to Louise N. Rood on the due date, in cash.

Subsequently, on motion of plaintiffs, the trustee was dismissed and the case proceeded, with the executor as the sole plaintiff. The record shows that this was done for the purpose of raising the bar of the statute against the defendant testifying in the action brought by the executor.

Upon the hearing before the court plaintiff introduced the lease and a copy of the letters testamentary appointing the executor, and rested its case. Objections were made and sustained to the attempt of the defendant to testify. Defendant thereupon introduced as his sole defense the trust agreement made July 21, 1932, and argued that under this agreement the trustee, only, had power to bring this action, and the executor had no such authority. To this plaintiff replies that the trust agreement did not assign the past due rent under the lease.

6 Corpus Juris Secundum (page 1089) is quoted, to the effect that to constitute a valid assignment there must be a perfected transaction between the parties wherein the intent to invest the assignee with the present right in the thing assigned is manifest, and that this must be to the extent of depriving the assignor of control over the subject of the assignment. The trial court construed this trust agreement as assigning the past due rent to the trustee and held that the executor had no authority to bring this action.

The trust agreement is quite lengthy. It recites that "WHEREAS, The Settlor has transferred, conveyed and assigned to the Trustee, for and upon the trusts and conditions hereinafter specified, the following described property, to-wit:" Then follow descriptions of parcels of real estate, and parcel No. 4 is the real estate conveyed by the lease from Rood to the defendant. The fifth paragraph provides: "The Trustee, and its successor ·or successors in trust, shall have full power and authority to receive, take, collect, receipt for, hold, manage and care for all the trust estate; to collect and receive the income, profits and issues thereof; to compromise, adjust and settle all claims for or against such property, at such amounts and upon such terms of payment as it deems best; to invest and reinvest such trust estate in such bonds, stocks, real estate mortgages, securities and other income producing property, real, personal or mixed, as said Trustee, in its absolute discretion, shall deem expedient. . . ." There are other provisions authorizing the trustee, in its sole discretion, to convert real estate into personalty and personalty into real estate, to erect improvements or sell and convey by deeds and to warrant title, or to lease or otherwise dispose of the real estate. The document is quite detailed as to the powers of the trustee.

We are of the opinion it gives unlimited power and authority to the trustee, the same as the owner had

before the trust agreement was made. The fifth paragraph, above quoted, specifically gives power to the trustee "to compromise, adjust and settle all claims for or against such property, at such amounts and upon such terms of payment as it deems best." Under this provision the trustee had power to make claim against the defendant for any rent due and not paid under the lease, and to compromise the same as it deemed best.

There is merit in the point made in defendant's brief that while the lease sued on was executed January 10, 1932 (and this provided that the rental of $4,100 for the term should be paid on that date), the lessor Louise Rood died some five years thereafter, and the record fails to show that any action was taken on her behalf during this time to collect the rent. There is a strong presumption that defendant would not have been permitted to remain in possession of the premises for five years without any attempt by the lessor to collect the rent.

Plaintiff suggests that its complaint might have been amended by substituting another plaintiff. There was considerable colloquy between the trial court and counsel as to this point, but no motion to amend was made.

The judgment of the trial court is proper and it is affirmed.

*Affirmed.*

MATCHETT, J., concurs.

MR. JUSTICE O'CONNOR, specially concurring: I agree the judgment should be affirmed for the reason stated in the opinion, but I go further and say that plaintiff alleged the making of the lease, etc., and further "that the defendant has not paid the rent of $4,100 which became due on January 10, 1932, nor any part thereof" etc. But plaintiff made no attempt to prove non payment and therefore made no case by merely introducing the lease in evidence. In these circumstances the judgment must be affirmed. *Cochran v. Reich,* 91 Hun. (N. Y.) 440.